UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WILLIE LEE SHAW, JR.**                                                                    **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 5:07CV-P87-R**

**LARRY MCGEHEE** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Willie Lee Shaw, Jr., filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Also before the Court is Plaintiff's supplement to the complaint (DN 4), which the Court construes as a motion to amend. For the reasons set forth below, the Court will grant the motion to amend and will dismiss this action in its entirety.

### I. MOTION TO AMEND

Plaintiff re-filed a single page of his complaint with the Court. Under the section listing the parties, Plaintiff has scratched out the name "Glen Haberlin" and replaced it with "Thomas L. Simpson." The Court construes Plaintiff's filing as a motion to amend his complaint to substitute Mr. Simpson in place of Mr. Haberlin as a defendant in this action. The Court should freely grant leave to file an amended complaint before a responsive pleading has been filed. Fed. R. Civ. P. 15(a). Accordingly, the Court will grant Plaintiff's motion to amend and will direct the Clerk to remove Glen Haberlin as a defendant and to add Thomas L. Simpson as a defendant.

### II. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate previously incarcerated at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. Plaintiff has filed the instant action against the following KSP employees: Guard Larry McGehee, Guard Carlton Worley, Guard Chad Knight, and Warden Thomas L. Simpson. All of the Defendants are sued in both their individual and official

capacities.  Plaintiff alleges that:

> On 17 May 2007 racist, peon, discriminating guards Larry McGehee, Carlton Worley, and another unknown guard all did deliberately "ransack" my personal property mix together deliberately all my legal papers and left all my belongings scattered all over and in total disarray.  My belongings supposed to be returned to their original arrangement as they found them prior to the ransacking-search.  All of the above guards joked, laughed, and made statements to make sure I spell their names correctly.  This violated search and seizure (4th amend.), Equal Protection, and Due Process, 6th Amend.  Knight is an supervisor who allowed his underlings to violate me by condoning them and abetting said racially motivated lawlessness.

Plaintiff further alleges that:

> The Warden is aware of the following violations: in cellhouse 3-14 left (the so-called "nutwalk") is illegal (as is the jail at Paducah City Hall) because there is absolutely no source, nor any means for direct or indirect sunlight available to prisoners house there, having absolutely no windows of any kind. . . . The only light source is florescent lights. . . . This is callous disregard and deliberate indifference by the Defendants . . . violating the 6th, 8th, and 14th amendments.

Plaintiff is seeking five million dollars in compensatory damages and five million dollars in punitive damages from each Defendant in addition to an injunction prohibiting Defendants from violating his civil rights.

### III.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A; *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When

determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## IV.  ANALYSIS

### A. Official Capacity Damages Claims

Plaintiff's official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for

monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official capacity claims for damages against Defendants must be dismissed.

**B.     Injunctive Relief Claims**

Since filing this complaint Plaintiff has been transferred from KSP to the Little Sandy Correctional Complex in Sandy Hook, Kentucky. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, Plaintiff is seeking injunctive relief against employees of KSP. However, Plaintiff is no longer incarcerated at that institution. It is clear that Plaintiff would derive no benefit from granting the requested relief, and his injunctive claims must be dismissed.

**C.     Search of Plaintiff's Cell**

    **1.     Fourth Amendment**

The Fourth Amendment provides, in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. While Plaintiff's invocation of the Fourth Amendment's protection is understandable, he does not state a viable Fourth Amendment claim. *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984).

In *Hudson*, an inmate brought an action under § 1983 claiming, in part, that the

4

destruction of his personal property during a search of his cell violated his Fourth Amendment right to be free from unreasonable searches and seizures. In rejecting the inmate's claim, the Supreme Court stated that a prisoner does not possess "any subjective expectation of privacy . . . in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell." *Id.* at 526. The same rationale applies to a prisoner's argument that destruction of his property constituted an unreasonable seizure in violation of the Fourth Amendment. *Id.* at 528 n.8. Though the Fourth Amendment provides no remedy to an inmate with such a claim, the Court notes that an inmate is not without relief. "That the Fourth Amendment does not protect against seizures in a prison cell does not mean that an inmate's property can be destroyed with impunity . . . . An inmate may seek redress under the Fourteenth Amendment provided that he has shown the inadequacy of the state remedies." *Id.* Thus, Plaintiff has failed to allege a cognizable Fourth Amendment claim against Defendants as related to the search of his cell.

   2.   **Fourteenth Amendment Due Process**

Plaintiff's claim more properly falls within the purview of the Fourteenth Amendment's protection, which provides that the state may not deprive a person of his property without due process of law. In *Hudson*, the Supreme Court stated that an unauthorized, intentional deprivation of property by a state employee "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Only after the state refuses to provide "a suitable postdeprivation remedy" does its liability in such a situation accrue. *Id.* ("For intentional ... deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation

5

remedy.").

An inmate may, however, bring a due process claim without showing that the state possesses an adequate postdeprivation remedy where the state employee deprived the prisoner of property, pursuant to "an established state procedure." *Id.* at 534. In those circumstances, the Supreme Court opined that the state can provide a predeprivation hearing. *Id.* Yet, under this rationale merely because the individual employee himself may foresee the intentional deprivation, his foresight alone is simply insufficient to hold the state itself liable. Rather, "[t]he controlling inquiry is solely whether the state is in a position to provide for predeprivation process." *Id*. The Sixth Circuit has, thus, held that to prevail on a procedural due process claim, a plaintiff must (1) demonstrate that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) prove that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate for the loss. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). An inmate has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983). Kentucky's statutory remedy for such losses has been deemed adequate. *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Here, Plaintiff failed to meet his burden. He does not allege that the deprivation occurred as a result of an established policy. While he claims that Defendants intentionally deprived him of property without due process, he fails to show that he does not possess an adequate postdeprivation remedy to redress this wrong. Plaintiff has failed to state a cognizable claim under either theory of recovery. The Court will, therefore, dismiss his Fourteenth Amendment claim premised on the deprivation of property without due process of law.

### 3. Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006). Additionally, the Sixth Circuit holds that:

> To establish a violation of the Equal Protection Clause, a prisoner must prove that a discriminatory intent or purpose against a disfavored class or excluded group was a factor in an action taken by prison officials. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265, 50 L. Ed. 2d 450, 97 S. Ct. 555 (1977). The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985). The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam).

*Owens v. Johnson*, No. 99-2094, 2000 U.S. App. LEXIS 15541, at *4-5 (6th Cir. Jun. 23, 2000). Here, Plaintiff has failed to allege that he has been treated differently than other similarity situated prisoners. Moreover, any racial or religious remarks Defendants made during the searches are insufficient to support an equal protection claim.

### 4. Sixth Amendment

The Sixth Amendment to the United States Constitution states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. Plaintiff has made no showing whatsoever how Defendants' search of his cell violated his Sixth Amendment rights. Accordingly, this claim will be dismissed.

### 5. Eighth Amendment Claim

The Supreme Court has held that the Eighth Amendment prohibition against cruel and punishment "prohibits punishment which, although not physically barbarous 'involve[s] the unnecessary and wanton infliction of pain.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). To establish an Eighth Amendment violation premised on unconstitutional conditions of confinement, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *Id.* at 347; *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff does not allege that Defendants inflicted any physical pain on him. Additionally, with respect to his complaint that Defendants verbally taunted him, the Sixth Circuit has held that such behavior does not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id*. As such, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendants.

### D.  Claims Against Defendant Knight

Plaintiff alleges that Defendant Knight supervised the guards that ransacked Plaintiff's cell. Section 1983 liability must be based on more than respondeat superior or the right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *K.F. v. Jefferson County Sch. Dist.*, No. 3:05CV-246-H, 2007 U.S. Dist. LEXIS 30707, at *8 (W.D. Ky. Apr. 25, 2007) (quoting *Shehee*, 199 F.3d at

300); *see also Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("Even assuming the allegations in [plaintiff's] complaint are true, she has not averred that 'any of the supervisory officials who [are] defendants in this case actively participated in or authorized any harassment' . . . . At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."). Thus, Plaintiff cannot predicate claims against Defendant Knight based solely on the fact that he supervised the guards that searched Plaintiff's cell.

### E.    Lack of Natural Light

To the extent that Plaintiff is attempting to assert a claim related to the lack of natural light on the "3-14 walk" he fails to state a claim because he has not sufficiently articulated how the lack of natural sunlight has endangered his health. *See Richard v. Reed*, 49 F. Supp. 2d 485, 486 (E.D. Va. 1999) (holding that plaintiff failed to meet the injury requirement of the Eighth Amendment where plaintiff's "only statement regarding any injury is his assertion that defendants place his health in danger through the possibility of exposure to illnesses caused by lack of exposure to direct sunlight.").

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.008

9